STATE OF MONTANA,

 Plaintiff,

 vs.

Frederick Lamb,

 Defendant.

**NO. DC 94-667**

**DECISION**

On July 13, 1995, the Court ordered that the defendant be committed to the Director of the Department of Corrections pursuant to Section 46-14-312(2), Montana Code Annotated to be placed in an appropriate institution which the Court recommends as the Montana State Hospital, Galen Campus, Warm Springs, Montana, for custody, care and treatment for the period of time not to exceed the following: 1. On Count I: Attempt

(Felony) (Aggravated Assault) the defendant is sentenced for the term of fifteen (15) years. It is further ordered that because the defendant, while engaged in the commission of the offense of Count I: Attempt (Felony) (Aggravated Assault) knowingly used a weapon, to wit: bomb/explosive device; he is hereby sentenced to the term of five (5) years to the Director of the Department of Corrections under the authority of 46-18-221, M.C.A.. This term shall be served consecutively with the term imposed for the commission of the crime of Count I: Attempt (Felony) (Aggravated Assault) as charged in the Information. On Count III: Possession of a Destructive Device (Felony) the defendant is sentenced for the term of ten (10) years to run concurrently with the sentence received in Count I of this criminal cause. Defendant shall receive credit for time spent in the Yellowstone County Detention Facility at Billings, Montana, for 205 days. It is further ordered that the defendant will be designated a dangerous felony offender for sentencing, pursuant to Section 46-18-404(3), Et. Seq., M.C.A.. It is further ordered that additional special conditions shall apply as stated in the July 13, 1995 judgment.

On March 8, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and requested that his case be continued.

After careful consideration, the motion for a continuance was granted. The case shall be heard at the May 24, 1996 hearing.

Done in open Court this 8th day of March, 1996.

DATED this 19th day of March, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**